IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-187-BO

| | |
|---|---|
| SHERRILL S. MCINNIS,<br>    Appellant,<br><br>v.<br><br>BRADLEY MORTON PHILLIPS and<br>SUSANNA G. PHILLIPS,<br>    Appellees. | ORDER |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on Sherrill McInnis' appeal of an order and judgment by the United States Bankruptcy Court for the Eastern District of North Carolina. The appeal has been fully briefed and is ripe for review. For the following reasons, the bankruptcy court's Order is AFFIRMED.

## BACKGROUND

As the bankruptcy court noted, the dispute in this case is "a lengthy Hatfield-McCoy type of feud between the parties that has spanned many years and been the subject of numerous court proceedings." [DE 1-1 at 6].

In 2005, appellees, through a corporation called Pages Creek Marine Services, entered into a stock purchase agreement with both Sherrill McInnis, appellant, and Phillip McInnis. In 2008, the parties entered into a lease agreement. Appellees defaulted on those obligations, and appellant won a state court judgment against them in 2011. Appellees declared Chapter 13 bankruptcy in 2012, later converting to Chapter 7. The parties disputed the terms of both the state court judgment and the bankruptcy proceeding.

On October 2, 2017, the Bankruptcy Court for the Eastern District of North Carolina dismissed appellant's adversary proceeding against appellees. Appellant has appealed that dismissal on two grounds, which are now before this Court for resolution: first, whether appellant has stated a claim for relief pursuant to 11 U.S.C. § 707; and second, whether appellant has standing to pursue a claim for relief under 11 U.S.C. § 548. The bankruptcy court held that the answer to each of these questions was no. This Court agrees.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions made by the bankruptcy court are reviewed *de novo*. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed *de novo*. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

## DISCUSSION

Appellant is challenging the bankruptcy court's order on two grounds. First, she argues she has stated a claim under 11 U.S.C. § 707(b), which provides for the disallowing of a Chapter 7 discharge when debtor has primarily consumer debts and granting such relief would be an abuse of the bankruptcy system. The section does not apply when the debts in question are

primarily business in nature. *See, e.g., In re Cromwell*, 2015 WL 1119711, at *2 (Bankr. E.D.N.C. Mar. 6, 2015).

The bankruptcy court denied appellant's claim. The court found first that by failing to plead that appellees' debts were primarily consumer in nature, she formally foreclosed that avenue for relief, and second, that even if she had followed procedure, appellees' debts were primarily business in nature.

Appellant's brief acknowledges she never pleaded that appellees' debts were primarily consumer in nature. [DE 15 at 14]. While appellant does quote extensively from her previous filings, the quoted language still does not show she followed the pleading requirements for making a § 707(b) challenge. It is not, as appellant argues, that the bankruptcy court searched for the word "primarily," and then, failing to locate it, denied her claim. It is that she never established the threshold question for § 707(b), which is the proportion of consumer and business debts, not whether consumer debts existed or not. For this reason, the bankruptcy court's order should be affirmed.

The Court also agrees with the bankruptcy court's analysis of appellees' debts. Including appellees' home equity debt, the bankruptcy court found that appellees' consumer and business debts were nearly equivalent. Disallowing it, as some courts have done, *see, e.g., In re Booth*, 858 F.2d 10510, 1054 (5th Cir. 1998), and the bankruptcy court did here, means that nearly all of the debts were business debts. In either formulation, the debts were not primarily consumer debts. Accordingly, appellant cannot state a claim under 11 U.S.C. § 707(b).

Next, appellant argues that she has standing to bring a claim under 11 U.S.C. § 548. This section allows a bankruptcy trustee, or a debtor-in-possession granted trustee authority, to avoid a transfer if the transfer was made so a debtor could avoid his or her obligations. 11 U.S.C. §

548(a)(1)(A). The bankruptcy court held that as appellant is a creditor, not the trustee, § 548 and other avoidance statutes are not available to her. The court determined she lacked both independent standing and derivative standing.

The text of § 548 is clear. "The *trustee* may avoid any transfer" if the debtor did so to hinder, delay or defraud any entity to which the debtor was indebted. 11 U.S.C. § 548 (emphasis added). The text of the statute does not give avoidance authority to anyone else. "When the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted). In *Hartford*, the Court interpreted a slightly different provision of the Bankruptcy Code, 11 U.S.C. § 506(c), and arrived at the same conclusion as here. When a statute reads "the trustee may" do something, whether avoid a fraudulent transfer (§ 548) or recover certain costs (§ 506(c)), the statute is granting that authority to the trustee, or a debtor-in-possession expressly granted the rights and powers of a trustee, and not anyone else. Accordingly, appellant lacks independent standing.

Appellant also lacks derivative standing. Derivative standing is the name for when a creditor or a creditors' committee is permitted to act in place of the debtor-in-possession or the trustee. *In re Baltimore Emergency Servs. II, Corp.*, 432 F.3d 557, 560 (4th Cir. 2005). The Fourth Circuit has never blessed derivative standing for creditors, though it has discussed the "two limited circumstances" in which other circuits permit it, specifically when "the trustee or debtor-in-possession unreasonably refuses to bring suit on its own" or "when the trustee or debtor-in-possession grants consent." *Id.* Neither is alleged to be the case here. So, even if this Court were to adopt a theory of standing from a different circuit, appellant would still lack it.

## CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED. The clerk is DIRECTED to enter judgment accordingly and to close the case.

SO ORDERED, this 2 day of August, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE